# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION

| | |
|---|---|
| KRISTY BOLTON,<br><br>   Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN,<br><br>   Defendant. | MEMORANDUM DECISION<br>AND ORDER<br><br><br>Case No. 2:12-cv-222 |

Kristy Bolton seeks judicial review of the decision of the Commissioner of Social Security denying Ms. Bolton's application for Supplemental Security Income under Title XVI of the Social Security Act. 42 U.S.C. §§ 1381-1383f. After a careful review of the record, and for the reasons discussed below, the court REVERSES and REMANDS the Commissioner's decision.

## STANDARD OF REVIEW

The court reviews the Commisioner's decision to determine whether substantial evidence in the record as a whole supports the factual findings and whether the correct legal standards were applied. *See Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). Substantial evidence "requires more than a scintilla but less than a preponderance." *Id.* It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citation omitted). Further, the court "will not reweigh the evidence or substitute [its own] judgment for the Commissioner's . . . [and] may not displace the agency's choice between two fairly conflicting

views, even though the court would justifiably have made a different choice had the matter been before it de novo." *Id.* (citation omitted).

The court held a hearing on July 9, 2013, in which the court announced its ruling to remand the case from the bench. The parties then jointly submitted a proposed order, which the court has largely adopted below. For this reason, the court will not repeat the factual background of the case here. Instead, the court summarizes its analysis to provide guidance to the ALJ on remand.

ANALYSIS

Ms. Bolton argues that the Administrative Law Judge (ALJ) who reviewed her case committed a number of errors and made a decision that was not based on substantial evidence. The court agrees that the ALJ's decision was deficient in three ways: (1) the ALJ failed to properly consider and weigh the opinions of Ms. Bolton's treating physicians; (2) substantial evidence does not support the reasons provided by the ALJ for rejecting Ms. Bolton's subjective complaints; and (3) to the extent that the limitations documented by Ms. Bolton's treating physicians were not included in the ALJ's assessment of Ms. Bolton's residual functional capacity or incorporated into the hypothetical questions that the ALJ posed to the vocational expert, the Commissioner failed to carry her burden to identify specific jobs, available in significant numbers, that are consistent with Ms. Bolton's functional limitations. Because of these errors, the court reverses and remands the Commissioner's decision.

I. **The ALJ Improperly Rejected the Opinions of Ms. Bolton's Treating Physicians**

In denying Ms. Bolton's claim, the ALJ failed to properly account for the opinions of Ms. Bolton's treating physicians. When evaluating claims for social security disability benefits, the

opinion of a treating physician is entitled to great weight and the Commissioner must provide "specific, legitimate reasons" for rejecting a physician's opinion. *See Miler v. Chater*, 99 F.3d 972 (10th Cir. 1996); *Frey v. Bowen*, 816 F.2d 508, 513 (10th Cir. 1987). These reasons "must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." Social Security Ruling 96-2p. Bare conclusions are "beyond meaningful judicial review." *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996).

Furthermore, "[t]here are several specific factors the ALJ must consider, including:

(1) the length of the treatment relationship and the frequency of the examination;

(2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed;

(3) the degree to which the physician's opinion is supported by relevant evidence;

(4) consistency between the opinion and the record as a whole;

(5) whether or not the physician is specialist in the area upon which an opinion is rendered; and

(6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Drapeau v. Massanari*, 10 F. App'x 657, 661 (10th Cir. 2001), quoting *Goatcher v. U.S. Dep't of Health & Human Servs.*, 52 F.3d 288, 290 (10th Cir. 1995).

In assigning little weight to the opinions of Dr. Rajiv Shah and Dr. Tom Barman, the ALJ stated that their opinions were inconsistent with treatment records and were produced for the purpose of adjudication. But the ALJ only provided one example of inconsistent treatment

records: Dr. Barman's note dated May 27, 2009, in which Dr. Barman stated that Ms. Bolton was not in acute distress and was tolerating her medications well. (Tr. 27.) The fact that Ms. Bolton was "tolerating" her medication and was not in "acute" distress at the office visit is not inconsistent with Dr. Barman's opinion regarding Ms. Bolton's chronic condition. Chronic pain is different than acute distress, and Dr. Barman's observations in his note do not call into question his assessment that, because of her long-term condition, Ms. Bolton needed to lie down during the day and was limited in her ability to sit and stand. Moreover, this example only relates to Dr. Barman. The ALJ failed to provide any explanation of how Dr. Shah's treatment records were inconsistent with his assessment of Ms. Bolton's limitations.

The ALJ also stated that these two doctors produced their opinions in preparation for litigation. This finding implies that the treating physicians set aside their medical training and falsely assessed limitations that would help Ms. Bolton win her disability claim. Such an allegation cannot be sustained without evidence that supports this view. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir.1995) (holding that, in the absence of evidence of actual improprieties, "[t]he Secretary may not assume that doctors routinely lie in order to help their patients collect disability benefits."); *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989) (noting that an accusation that a doctor overzealously helped a claimant obtain benefits is a "serious allegation" and holding that an ALJ must support such allegations of impropriety with specific findings).

The ALJ rejected the opinion of a third treating physician, Dr. Peter Loffler, because Dr. Loffler assessed Ms. Bolton's physical limitations even though he is her psychiatrist. But a psychiatrist is a medical doctor, and the ALJ does not cite any reasons why Dr. Loffler would not be competent to assess physical limitations. In addition, Dr. Loffler's physical assessment was

4

consistent with the findings made by Dr. Shah, who treats Ms. Bolton for her physical conditions. Finally, the ALJ failed to provide reasons for rejecting Dr. Loffler's opinions regarding Ms. Bolton's mental health impairments.

Dr. Shah, Dr. Barman, and Dr. Loffler have been treating Ms. Bolton for an extensive period of time and their opinions are entitled to proper consideration under the analysis set forth above. The ALJ failed to provide specific, legitimate reasons for rejecting the opinions of these treating physicians. On remand, the doctors' opinions and their assessments of Ms. Bolton's limitations shall be considered in a manner consistent with this decision and the authority cited above.

## II. The ALJ Improperly Discredited Ms. Bolton's Subjective Testimony

While credibility determinations are primarily the province of the factfinder, the ALJ's findings "should be closely and affirmatively linked to substantial evidence[.]" *Houston v. Bowen*, 838 F.2d 1125, 1133 (10th Cir. 1988); *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995). Social Security Ruling 96-7p provides:

> The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight.

The ALJ did not accept Ms. Bolton's testimony and found that her statements regarding the intensity, persistence, and limiting effects of the symptoms she described were not credible to the extent that her statements were inconsistent with the residual functional capacity that the ALJ assessed. (Tr. 25.) The court is concerned with the ALJ's decision for a number of reasons.

First, the language that the ALJ used in her decision regarding Ms. Bolton's credibility is

the sort of "template" language that has been criticized by the federal circuit courts. Such boilerplate language "yields no clue as to what weight the trier of fact gave the testimony." *Bjornson v. Astrue*, 671 F.3d 640, 645 (7th Cir. 2012); *Hardman v. Barnhart*, 362 F.3d 676, 679 (10th Cir. 2004).

Second, the ALJ stated that Ms. Bolton's testimony was not supported by the medical evidence and rejected it as not credible on this basis. (Tr. 25-26.) But as the court discussed above, the medical evidence appears to be more consistent with the opinions of Ms. Bolton's doctors than the ALJ determined in her decision. As a result, the ALJ should reexamine the medical record before concluding that it does not support Ms. Bolton's testimony.

The court finds that a number of specific points made by the ALJ are not supported by substantial evidence. For instance, the ALJ stated that Ms. Bolton's ability to continue working after her initial back surgeries contradicted her testimony that her back pain was now a disabling condition. (Tr. 25.) But the fact that Ms. Bolton attempted to keep working for a few years after her surgery does not discredit her statements about her condition at the time she alleges her disability began. Ms. Bolton testified that her pain became worse and that she also developed fibromyalgia and Raynaud's disease. Her testimony is supported by several doctors' statements, who found that Ms. Bolton's condition was likely to worsen and that she would continue to suffer from pain after surgery.

The court also disagrees with the ALJ that Ms. Bolton's treatment history provided a reason to discredit her subjective testimony. The ALJ stated that Ms. Bolton did not use conservative treatment, such as epidural injections, after the alleged onset date of her disability. (Tr. 25.) But the ALJ did not acknowledge numerous provider notes stating that Ms. Bolton was

6

unable to afford these types of procedures and physical therapy. Ms. Bolton should not be denied disability benefits if she cannot obtain the treatment that would alleviate her disabling conditions. *See Gordon v. Schweiker*, 725 F.2d 231, 237 (4th Cir. 1984) ("It flies in the face of the patent purposes of the Social Security Act to deny benefits to someone because he is too poor to obtain medical treatment that may help him."). The ALJ also failed to acknowledge that Ms. Bolton had used a number of these conservative treatment measures a few months before her alleged onset date and did not experience any sustained improvement.

Finally, the court questions the ALJ's reliance on physician notes stating that Ms. Bolton enjoys camping and exercise. (Tr. 25.) A vague notation that Ms. Bolton's hobbies include camping and exercise does not establish that Ms. Bolton is still able to enjoy these activities to the same extent that she once did. Importantly, Ms. Bolton's treating physician noted that these activities were originally listed in the patient history section of her chart in 2001 and that this notation was no longer applicable because Ms. Bolton's pain kept her from enjoying exercise and camping. (Tr. 559.)

For these reasons, the court finds that the ALJ's decision to discredit Ms. Bolton's subjective testimony is not supported by substantial evidence.

## III.     The ALJ Did Not Pose an Accurate Hypothetical Question to the Vocational Expert

The ALJ posed a hypothetical set of limitations to a vocational expert to determine whether there were jobs available in significant numbers that were consistent with Ms. Bolton's functional limitations. Because the ALJ discredited the opinions of Ms. Bolton's treating physicians and Ms. Bolton's subjective testimony, it is unclear whether the ALJ's hypothetical question to the vocational expert included all of Ms. Bolton's limitations. When the vocational

7

expert was asked to consider additional hypothetical questions, including some that involved limitations supported by the assessments of Ms. Bolton's treating physicians, he testified that the hypothetical claimant would not be employable. (Tr. 85.)

On remand, the court does not direct the ALJ to reach a specific conclusion. But the ALJ should reassess Ms. Bolton's functional limitations in light of the analysis the court has provided above concerning the opinions of Ms. Bolton's doctors and Ms. Bolton's own subjective statements. The ALJ should elicit testimony from a vocational expert based on a hypothetical question that includes these limitations.

## CONCLUSION

The court takes judicial notice that a subsequent claim that Ms. Bolton filed for disability insurance benefits was approved by the Commissioner on May 22, 2013. This Remand Order does not disturb that decision.

For the foregoing reasons, IT IS HEREBY ORDERED that the Commissioner's decision denying Ms. Bolton's application for disability benefits is REVERSED and REMANDED for further administrative proceedings. IT IS FURTHER ORDERED that judgment shall be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure, consistent with the United States Supreme Court's decision in *Shalala v. Schaefer*, 509 US 292, 296-302 (1993). The court orders the Clerk of the Court to close the case.

DATED this 7th day of August, 2013.

                        BY THE COURT:

                        _____
                        ROBERT J. SHELBY
                        United States District Judge